# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

TREBOR BOWMAN,          )
         )
      Plaintiff,     )
         )    No. 2:14-cv-1202-WC
  v.         )
         )
ALLIED INTERSTATE, LLC,   )
         )    **DEMAND FOR JURY TRIAL**
      Defendant.  )

TREBOR BOWMAN (Plaintiff), through his attorneys, alleges the following against

ALLIED INSTERSTATE, LLC (Defendant):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2.    Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection

Act, 28 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to

15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any

appropriate United States district court without regard to the amount in controversy."

4.    Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to

28 U.S.C. § 1331.

5.    Because Defendant conducts business in the State of Alabama, personal

jurisdiction is established.

6.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

7.     Plaintiff is a natural person who resides in Millbrook, Elmore County, Alabama and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8.     Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in Minneapolis, Minnesota.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11.     In or around 2014, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12.     Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13.     Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at 334-612-66XX.

14.     Defendant places telephone calls from numbers including, but not limited to, 319-242-7355.

15.     Per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

16.     On or around September 16, 2014, Plaintiff called Defendant and spoke to

Defendant's representative.

17.     During the course of the telephone conversation in or around September 14, 2014, Plaintiff requested that Defendant cease placing calls to his cellular telephone.

18.     Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on his cellular telephone in or around September 16, 2014.

19.     Despite Plaintiff's request to cease, Defendant placed at least forty-three (43) collection calls to Plaintiff, including at least fourteen (14) calls before 8:00a.m. local time.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

20.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

        a.   Defendant violated § 1692c(a)(1) of the FDCPA by placing collection calls to Plaintiff between 9:00pm and before 8:00am local time;

        b.   Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

        c.   Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

21.     Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

22.      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

23.     Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

27. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

28. All court costs, witness fees and other fees incurred; and

29. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff, TREBOR BOWMAN, demands a jury trial in this cause of action.

Dated this the ___ day of ~~November~~ December, 2014.

Respectfully submitted,

M. Brandon Walker (ASB-7482-H62W)
One of the Attorneys for Trebor Bowman

**WITH THE LAW FIRM OF:**
WALKER McMULLAN, LLC
242 West Valley Avenue
Suite 312
Birmingham, Alabama 35209
(205) 417-2541

VERIFIED COMPLAINT                                                    5